B. F. GOODRICH RUBBER CO. v. BARRON *ET AL.*

(125 S. E., 639)

Partnership—Partners, Who Failed to File Notice of Change in Ownership of Business on Dissolution, Liable for Debts Contracted by Copartner Subsequent to Dissolution.—Under Civ. Code 1922, § 3877, making person who retires from ownership of mercantile or industrial establishment, on change in ownership, liable for debts contracted before notice of such change shall have been filed, a partner who failed to file notice on dissolution of partnership was liable for debts contracted by copartner in conduct of the business after dissolution.

Before Shipp, J., York, November, 1923. Reversed and remanded.

Action by B. F. Goodrich Company against Wilson Barron and others. From an order setting aside verdict for plaintiff against the defendant R. H. Mobley, the plaintiff appeals.

*Mr. William J. Cherry,* for appellant, cites: *Partnerships:* Sec. 3876 to 3879, Vol. 3, Code, 1922; Code, 1912,

Sec. 2538, 2565; 67 S. C., 312; Senate Journal, 1917, p. 246, 268, 503, 776; Senate Journal, 1918 p. 14-15, 571, 578; House Journal 1918, p. 1274, 1385, 1858-1860, 1890. *Purpose of the Act:* 22 Enc. L. (2d Ed.), 83; 85 Cal., 144; 5 N. Y., Supp., 76; 28 Pac., 936. *Non-compliance bars right of action on behalf of firm:* 63 Ohio St. 528; 28 Pac., 61; 134 N. W., 482; 165 N. W., 861; 173 S. W., 120. *Withdrawing partner, without notice, should be denied the right to defend against a partnership debt:* Notes L. R. A., 1915-D 990; 2 A. L. R., 114; 49 Am. Rep., 533; 39 N. Y. Sup., 81; 38 Am. Rep., 396. *Evidence of partnership:* 49 N. W., 871. *Existing laws form a part of contracts made within jurisdiction:* 26 Enc. L. (2d Ed.), 26; 38 S. C., 113 *and cases cited.* *Dissolution of a partnership:* 20 R. C. L., Sec. 178, p. 954 *and cases cited;* 14 S. C., 166. *Laws enacted for prevention of fraud are not penal:* 26 Enc. L., (2d Ed.), 530; 11 L. Ed., 559. *Purpose of construing statute:* 102 S. C., 487; 82 S. C., 245; 91 S. C., 379. *Notice:* 26 Am. Dec., 291; Code 1922, Sec. 5312-13; 24 Enc. L. (2d Ed.), 137, 143; 11 Rich. Eq., 236; 11 Rich. L., 614; Bailey's Eq., 1. *Affirmative statute:* 15 S. C., 552; 5 Rich., 598; 14 S. C., 35. *Information showing partnership actually in existence:* 22 Enc. L. (2d Ed.), 180-181; 20 R. C. L., Sec. 195, p. 967, Sec. 197, p. 968; 93 U. S., 430; 36 Am. Rep., 256; 1 McC. 16. *Joint and several liability:* 30 S. C., 120; 55 S. C., 528. *Appeal:* Sec. 638, Code, 1922; 2 Enc. Pl. & Pr., 156-161; 104 S. C., 440. *Order appealed from was ex parte:* 7 S. C., 71; 7 S. C., 235; 45 S. C., 468; 94 S. C., 20.

*Messrs. Spencer & White,* for respondent, cite: *Construction of Sec.* 3876-3879, Vol. 3, Code, 1922; 67 S. C., 312. *Partnership:* 113 S. E., 487. *Court had authority to set verdict aside:* 20 R. C. L., 300; 39 Cyc., 921; 103 S. E., 404; Ann. Cas. 1914-A, 412; 105 S. C., 71; 15 R. C. L., 688; 26 L. Ed., 799.

December 9, 1924.

The opinion of the Court was delivered by Mr. Justice Fraser.

The statement as it appears in the case is:

"This action was commenced May 11, 1922, by appellant, a corporation, against Wilson Barron and R. H. Mobley, as partners doing business under the firm name of B. & M. Motor Company, for the recovery of $286.02, alleged in the complaint to be due by defendants to the plaintiff upon account for goods and merchandise sold and delivered by the latter to the former on October 14, 1921, with the war tax thereon, and for $9 interest thereon. The summons and complaint, with sworn itemized statement of the account, were served upon each of the defendants, but the defendant Wilson Barron made no answer thereto. The defendant R. H. Mobley answered, admitting that he had been a partner with Wilson Barron, of the B. & M. Motor Company, prior and up to the 1st day of January, 1921, but denied that he had been such after that date, alleging that, on the 14th day of October, 1921, the said partnership had been dissolved and no longer existed. This defendant (Mobley) alleged that he had no knowledge as to the correctness of the plaintiff's claim, and that, if said debt was due and owing, it was not a debt of the partnership known as the B. & M. Motor Company, and that his codefendant, Wilson Barron, had no authority to pledge the credit of the B. & M. Motor Company for said debt. Wherefore he asked that as to him the complaint be dismissed.

"Upon the issues thus presented, the action came on for trial at the November (1923) term of the Common Pleas for York County. At the conclusion of the testimony, the attorney for the appellant moved the Court for the direction of a verdict in favor of the plaintiff, upon grounds substantially as follows:

"(1) That, if the defendant, R. H. Mobley, retired from the firm of B. & M. Motor Company at the time stated in his answer, and there was a dissolution of said firm at that time, as he claims, the undisputed testimony shows, and this defendant admits, that he did not file in the office of the clerk of the Court of York County, where the business of said firm was located, any notice of such retirement, or change of ownership or proprietorship in said firm or establishment, as required by the Act of the General Assembly of this State, relating to mercantile and industrial establishments, designated as Act No. 511, approved the 9th day of March, 1918; and that, by reason of said defendant's failure to file such notice according to the requirements of said act, he is liable to plaintiff as if no such dissolution took place.

"(2) That the plaintiff was without actual notice of the dissolution of said firm, if there was any, when said debt was contracted; and there was no publication thereof in any newspaper or other public means employed to give notice of any such dissolution, whereby the defendant, R. H. Mobley, would be relieved of liability as a partner to pay said debt to plaintiff.

"(3) Because the only reasonable inference of which the evidence is susceptible is that the B. & M. Motor Company was a partnership at the time this indebtedness was created, and that no notice was given sufficient to relieve the defendant, R. H. Mobley, from liability to the plaintiff thereon as a partner of said firm.

"After hearing argument on said motion, his Honor, the presiding Judge, on the 30th day of November, 1923, the day of trial, directed the jury to find a verdict for the plaintiff for the full amount of its account, less the interest claimed thereon, and the jury accordingly rendered its said verdict in plaintiff's favor, the substance and form of said verdict being set out below.

"No motion was noticed for a new trial by the defendants, or either of them, when said verdict was rendered, but on the 7th day of December, 1923, which was the last day of the term of Court at which said case was tried, and after the jurors for the term had been discharged, his Honor, the presiding Judge, without notice to plaintiff's attorney, and in the latter's absence, made an order setting said verdict aside and granting a new trial as to the defendant, R. H. Mobley, and directing said verdict to stand against the defendant, Wilson Barron; the first notice to the plaintiff of the making of said order being given through a letter mailed to its attorney by the attorneys of said R. H. Mobley, under date of December 12, 1923, setting forth that said order had been made.

"From the said order, which is set out below, the B. F. Goodrich Rubber Company has appealed to this Court, and asks that said order be vacated and set aside, and that said verdict in plaintiff's favor stand: the said appeal being based on the exceptions of plaintiff, set out below."

This is a case of statutory construction, pure and simple, and the statute reads (Code of Laws of South Carolina, Vol. 3, § 3877):

"*Retiring Owner or Partner to be liable for Debts, Unless Sign Changed and Notice Filed.* In case there be any change in the owner or owners, proprietor or proprietors of any such mercantile or industrial establishment, any person retiring from such ownership or proprietorship shall file in the office of the Clerk of Court of the county in which the principal place of business of such mercantile or industrial establishment is located a notice of such change, and shall have the sign or signs herein provided for changed, and until both such notices shall be filed and such change made on such signs, such person shall be liable for all debts and contracts of such mercantile or industrial establishment according to the interest he or she formerly had therein."

It will be seen that the answer of Mr. Mobley admitted that he and Mr. Wilson had been copartners, and based his defense solely on the ground that the copartnership had been dissolved months before the sale of the goods for the price of which this action was brought. The statute provides:

"Until both such notices shall be filed and such change made on the signs, such persons shall be liable for all debts and contracts of such mercantile or industrial establishment according to the interest he or she formerly had therein."

The admitted facts are that no notice was filed, and the original order directing a verdict was correct, and it was an error of law to set aside the verdict. The cases relied upon by the respondent do not apply, as they do not pretend to construe this statute.

The order setting aside the verdict is reversed, and the case remanded to the Circuit Court, with permission to enter up judgment on the verdict.

MESSRS. JUSTICES WATTS and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE COTHRAN: I dissent from the conclusion of reversal announced in the opinion of Mr. Justice Fraser. I think that the order of Judge Shipp, rescinding his order directing a verdict in favor of the plaintiff against both defendants, was entirely proper, and shall endeavor to so demonstrate.

The action is upon an account for two truck tires, alleged to have been sold to the defendants Barron and Mobley, a partnership, under the name of B. & M. Motor Company; and the point in the case is whether one member of a partnership, which has been dissolved by mutual consent, and ceased to do business, is liable upon an obligation contracted by the other partner in the name of the partnership after such dissolution, in the event that the partner sought to be charged has not complied with Section 3877, Vol. 3, Code

of 1922. The evidence tends to establish the following facts:

About November 1, 1919, the defendants Barron and Mobley formed a partnership under the name of B. & M. Motor Company, and engaged in the business of selling and repairing automobiles, and selling gasoline, oil, and accessories, in the city of Rock Hill, S. C. They conducted the business until January 1, 1921, at which time the partnership was dissolved, the liabilities and assets divided, and the business ended; in the terse language of the counsel for the plaintiff, put into the mouth of the defendant Mobley: "You just divided up and quit." The building in which the business had been conducted was controlled by the defendant Mobley, who, after the dissolution, rented the repair shop to Blackman Bros., the front part of the building, with the gas tanks, to W. L. Smith, and storage space for three trucks to Barron, who had acquired these in the distribution of the assets following the dissolution. He operated the three trucks in "general moving work," quite distinct from the business in which the partnership had been engaged. The representative of the plaintiff made calls every 30 days upon Smith, who operated the front part of the building and the gas tank, and solicited business from him, which continued until Smith ceased to handle his line of goods.

Early in October, 1921, the defendant Barron ordered over the telephone, from a salesman of the plaintiff, in Charlotte, N. C., two truck tires of a certain class. It does not distinctly appear that he ordered them in the name of the old partnership. On October 5th the plaintiff addressed a letter to the B. & M. Motor Company at Rock Hill, referring to the telephone order, and stating that they could not supply the tires of the class ordered, and asking to be allowed to substitute another class. Barron answered this letter, agreeing to the substitution, signing his letter "B. & M. Motor Company, Wilson Barron." The tires were shipped on Oc-

tober 14th, addressed and billed to B. & M. Motor Company, delivered by the expressman to Barron, and signed for by "B. & M. Motor Company, W. B." They were place upon one of the trucks, the individual property of Barron, used in his moving work. It was conceded that Mobley, after the dissolution, did not comply with the requirements of Section 3877.

Upon the trial of the case, his Honor, Judge Shipp, directed a verdict in favor of the plaintiff against both of the defendants (the defendant Barron being in default), upon the ground, so far as Mobley was concerned, that "where a person does not give notice to the clerk of the dissolution, he is made liable for the debts of the firm theretofore or thereafter contracted"; at the same time announcing: "I have not had time to look into it thoroughly. If I find I am wrong I will set it aside. I will take this answer and look at it thoroughly, and, if I am satisfied I am wrong about it, I shall set the verdict aside."

Of his own motion, upon the last day of the term, his Honor, Judge Shipp, filed an order setting aside the verdict as to Mobley, upon the ground that he had erred in his construction of the statute. From this order the plaintiff has appealed.

I think that the last order was correct, and should be affirmed, for these reasons:

(1) Section 3877 has no application to a case of the dissolution of a partnership by mutual consent, followed by an immediate liquidation of the business and an absolute cessation of its activities. By its terms it applies only to a case of the change of the personnel of the partnership, brought about by the retirement of one of the partners, and this necessarily contemplates a continuation of the business by the partner not retiring. There can be no retirement of one partner from a business which by mutual consent has come to an end.

(2) If the plaintiff should rely upon the duty of Mobley to give notice of the dissolution of the partnership, there is ample evidence, for submission to a jury, of the issue of actual notice by the plaintiff of the dissolution. *Simmel v. Wilson,* 121 S. C., 358; 113 S. E., 487. There was evidence tending to show that no business was thereafter conducted in the name of the dissolved partnership; that the building was subrented to other parties; that the plaintiff's representative made periodical solicitations of business from the new occupants.

(3) It appears that the defendant Barron was an individual purchaser of the tires for a truck used by him in a distinct line of business, and had not done a single act in furtherance of the concluded business of the dissolved partnership.